IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DANIELA KELTO, AND NICOLETTE ) <br> KELTO BY DANIELA KELTO AS NEXT ) <br> OF FRIEND ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CBE GROUP, INC. ) <br> ) <br>       Defendant. ) <br> _____ ) | CIVIL ACTION <br> FILE NO. 4-10-cv-135 (CDL) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this district, where Plaintiffs reside in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Nicolette Kelto ("Nicolette"), is a natural person who at all relevant times resided in the State of Georgia, County of Muscogee, and City of Upatoi.

5. Plaintiff, Daniela Kelto ("Daniela"), is a natural person who at all relevant times resided in the State of Georgia, County of Muscogee, and City of Upatoi.

6. Nicolette Kelto and Daniela Kelto ("Plaintiffs') are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. Defendant, The CBE Group, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiffs' obligations, or alleged obligations, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in

which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiffs' cellular telephone numbers, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs, including Defendant's collection agents continually and repeatedly calling Plaintiffs' cell phones to collect on a debt

allegedly belonging to "Debbie Emberton," despite being repeatedly informed by Plaintiffs that they have the wrong numbers (§ 1692d)).

15. Defendant placed non-emergency telephone calls using an automatic telephone dialing system to Plaintiff's cell phone, without Plaintiffs' prior express consent, for which Plaintiffs' were charged for the call (47 U.S.C.§ 227(b)(1)(A)(iii).

16. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I—FDCPA DANIELA

17. Plaintiff Daniela repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff Daniela prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff Daniela statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff Daniela actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff Daniela reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff Daniela any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—FDCPA NICOLETTE

19. Plaintiff Nicolette repeats and re-alleges each and every allegation contained above.

20. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff Nicolette prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff Nicolette statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff Nicolette actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff Nicolette reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff Nicolette any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III—TCPA DANIELA

21. Plaintiff Daniela repeats and re-alleges each and every allegation contained above.

22. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff Daniela's cellular telephone number.

WHEREFORE, Plaintiff Daniela prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff Daniela statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff Daniela statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff Daniela actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff Daniela reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff Daniela any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT IV—TCPA NICOLETTE

23. Plaintiff Nicolette repeats and re-alleges each and every allegation contained above.

24. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff Nicolette's cellular telephone number.

WHEREFORE, Plaintiff Nicolette prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff Nicolette statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff Nicolette statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff Nicolette actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff Nicolette reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff Nicolette any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury.

This 8th day of December, 2010.

ATTORNEYS FOR PLAINTFF
Nicolette Kelto

Respectfully submitted,

/s/ Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com